# STATE OF FLORIDA v. KANE
## Case No. 84-10333
Seventeenth Judicial Circuit, Broward County
March 11, 1985

## APPEARANCES OF COUNSEL

**Herbert M. Cohen,** Assistant State Attorney, for plaintiff.
**Joel Fass** for defendant.

## OPINION OF THE COURT

ARTHUR J. FRANZA, Circuit Judge.

This Court, after hearing testimony of counsel's witnesses, and testimony and argument concerning and relevant to the facts in this case and the appropriate law related thereto, and with stipulation of counsel, law enforcement agencies, and agreed by the Defendant and the State, and having otherwise being fully advised in the premises, it is the Court's finding as follows that;

1. The Defendant, Ian Kane, freely, willingly, and voluntarily, pled guilty to the offense as charged in the information.

2. That the Court determined through the witnesses, statements of the Defendant, and the law, that there is a factual basis for the acceptance of the plea.

3. That this Court finds, as a matter of law, that certain items listed herein and made a part hereof, are Drug Paraphernalia and prohibited by Florida Statute 893.147(2).

4. That as a matter of law, the following items are Drug Paraphernalia under the circumstances as found by this Court;

(a) Glass pipes used for free basing cocaine.

(b) Plastic pipes known as bongs.

(c) Certain substances commonly known as cutting agents to wit: Manite Cicognce, Mannite Conoscenta, Crystalized Mannitol, and Inastitol Lactose.

(d) Various scales for measuring and weighing grams and specifically Ohas Triple Beam Scales.

(e) Various items used for the preparation of cocaine, to wit; Grinders, sifters, kits containing glass gram vials and razor blades, strainers, straws, and glass straws used for sniffing cocaine, including torches when offered for sale in conjunction with the above items where they should reasonably know they are used with the glass base pipes;

THEREFORE IT IS ORDERED AND ADJUDGED; that,

1. The above items in the findings of facts are Drug Paraphernalia and shall not be sold by the Defendant Ian Allan Kane nor possessed by him.

2. That all the remaining items not listed above shall be returned to the Defendant herein.

3. That this Court, by this Order, heretofore enjoins the Defendant Ian Allan Kane, from delivering, possessing, and/or selling, the items listed above and found to be Drug Paraphernalia pursuant to this Order and Findings of Facts.

4. That the Defendant shall be placed on a period of State probation for a period of three (3) years from March 7, 1985, with the injunctive provisions set forth in paragraphs 1-3 above as a special condition of probation.

5. That as a further condition of said injunctive provision, the

Defendant herein shall be given five (5) days written notice by any law enforcement agency to cure any alleged violation that said Defendant is delivering, possessing, or manufacturing Drug Paraphernalia other than described above before enforcing the provisions of Florida Statute 893.147(2) against this Defendant.

6. That the U.S. currency seized by the police from the Defendant in this case shall be forfeited by the Defendant to the Fort Lauderdale Police Department to be used as investigative funds for the prosecution of this matter.

That the Defendant has thirty (30) days to appeal.